FILED
SUPERIOR COURT
OF GUAM

2021 JUL -6 PM 2: 02

CLERK OF COURT

By: _____



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0124-21 |
| vs. | **DECISION AND ORDER** |
| **ROBINSON KENNETH aka 2Ching aka Robby,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 18, 2021, for hearing on Defendant **ROBINSON KENNETH aka 2Ching aka Robby's** ("Defendant") Motion for De-Certification and Transfer to Family Court. Present remotely via Zoom were Defendant with counsel, John C. Terlaje, and Assistant Attorney General Richelle Canto on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On March 11, 2021, Defendant was indicted with the following charges: (1) Burglary (As a Second Degree Felony); (2) Theft of a Motor Vehicle (As a Second Degree Felony); and (3) Criminal Trespass (As a Misdemeanor). (Indictment, Mar. 11, 2021). These charges stem from allegations that Defendant entered into the victims' residence with the intent to take items from within the residence on or about the night of December 12, 2020. (Decl. of Jeremiah B.

---

Luther, Mar. 4, 2021). At approximately 6:00 a.m. on December 13, 2020, GPD officers responded to a burglary complaint to a residence in Tamuning where the victims reported that items in their residence were missing along with two vehicles that had been stolen. *Id.* Through the course of its investigation, Defendant was identified as a suspect by GPD. *Id.*

On May 20, 2021, Defendant filed the instant Motion. On May 26, 2021, the Government filed its Opposition. No Reply was filed.

On June 18, 2021, the Court heard arguments on the Motion. At the hearing, the Government further indicated to the Court that the alleged victims opposed this matter being transferred to family court. The Court subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to de-certify his status as an adult and transfer this matter to the Family Court. *See generally*, Mot. De-Certify, May 20, 2021.

Under Guam law, "[a] child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree. . ." 19 G.C.A. § 5106(a). Notwithstanding this section, a defendant may move the Court to transfer the indictment "to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation" of eight factors. 19 G.C.A. § 5106(d). The Court must evaluate the following:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of both these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(D) whether there is evidence the offense caused serious[] bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court *shall* give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 G.C.A. § 5106(d) (emphasis in original). Accordingly, the Court will focus its evaluation on Defendant's prior record of delinquency and the circumstances of the offense.

The Court acknowledges that Defendant has no prior criminal record and that he was sixteen (16) years old at the time of the alleged offenses. The Court further acknowledges that Defendant appears to be willing or receptive to participate in services, and that the juvenile justice system may benefit Defendant in light of its educational and rehabilitative nature. These factors weigh in favor of a transfer to family court. The Court, however, is greatly concerned about the circumstances of the offenses charged. Defendant is charged with two second degree felonies and one misdemeanor. This matter involves allegations that Defendant and a co-actor entered a residence at night while the victims were asleep and stole items, including the victims' vehicles. Although no bodily injury resulted from Defendant's actions and there is no allegation of the use of any deadly weapon, the Court is concerned that had the victims been awake during the course of the alleged offenses, a different scenario may have resulted. The Court finds that the seriousness of the alleged offenses weighs against sending this matter to family court, and therefore DENIES Defendant's Motion for De-Certification.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for De-Certification. A remote Status Hearing is set for August 9, 2021 at 11:15 a.m. To appear for this remote hearing via Zoom, enter Meeting ID: **116-7473-0337** and Passcode: **992379**.

**IT IS SO ORDERED** this 16th day of July, 2021.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam